UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.: 6:25-cv-00479-WWB-LHP

GOVERNMENT EMPLOYEES
INSURANCE CO., GEICO INDEMNITY
CO., GEICO GENERAL INSURANCE
COMPANY and GEICO CASUALTY CO.,

    Plaintiffs,

vs.

ORLANDO INJURY MEDICAL CARE,
L.L.C., MAXIME COLES, M.D., ST. LUCIE
WELLNESS AND REHAB, L.L.C.,
VISIONARY SPA HEALTH CARE, L.L.C.,
PALM BEACH MEDI-CHIRO CENTER,
INC., and NAPLES INJURY CARE, L.L.C.,

    Defendants.

_____

**PLAINTIFFS' DISCLOSURE STATEMENT
UNDER RULE 7.1, FEDERAL RULES OF CIVIL PROCEDURE, AND LOCAL RULE 3.03**

1. Is the filer a non-governmental corporate party or non-governmental corporation moving to intervene?

    ☐ No.

    ☒ Yes, and

     ☒ These parent corporations and publicly held corporations own 10% or more of the filer's shares:

     Government Employees Insurance Company, GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. (non-governmental corporate parties) are direct and/or

    indirect wholly owned subsidiaries of GEICO Corporation, which is an indirectly wholly owned subsidiary of Berkshire Hathaway, Inc.

  ☐ The filer has no parent corporation.

  ☐ No publicly held corporation owns 10% or more of the filer's shares.

2. Is the court's jurisdiction based on either 28 U.S.C. § 1332(a) or 28 U.S.C. § 1332(d)?

  ☐ No.

  ☒ Yes, and this is the name and citizenship of each person or entity whose citizenship is attributed to the filer:

   a. Government Employees Insurance Co. – incorporated in Nebraska with its principal place of business in Maryland.

   b. GEICO General Insurance Company – incorporated in Nebraska with its principal place of business in Maryland.

   c. GEICO Indemnity Co. – incorporated in Nebraska with its principal place of business in Maryland.

   d. GEICO Casualty Co. – incorporated in Nebraska with its principal place of business in Maryland.

   e. Maxime Coles, M.D. – citizen of Florida.

   f. Orlando Injury Medical Care, L.L.C. – organized in Florida with its principal place of business in Florida, with Maxime Coles, M.D., a Florida citizen, as its sole member.

   g. St. Lucie Wellness and Rehab, L.L.C. – organized in Florida with its principal place of business in Florida, with Maxime Coles, M.D., a Florida citizen, as its sole member.

   h. Visionary Spa Health Care, L.L.C. – organized in Florida with its principal place of business in Florida, with Maxime Coles, M.D., a Florida citizen, as its sole member.

      i. Palm Beach Medi-Chiro Center, Inc. – incorporated in Florida with its principal place of business in Florida, with Maxime Coles, M.D., a Florida citizen, as its sole director.

      j. Naples Injury Care, L.L.C. – organized in Florida with its principal place of business in Florida, with Maxime Coles, M.D., a Florida citizen, as its sole member.

a. Is the court's jurisdiction based on 28 U.S.C. § 1332(a) and the filer a limited liability company or other unincorporated entity?

    ☒ No.

    ☐ Yes, and the filer has identified each member and the citizenship of each member and, if a member is another unincorporated entity, each member of that entity and that member's citizenship, and so on.

b. Is the court's jurisdiction based on 28 U.S.C. § 1332(d) and the filer a limited liability company or other unincorporated entity?

    ☒ No.

    ☐ Yes, and the filer has identified citizenship in accord with 28 U.S.C. § 1332(d)(10).

c. Is the filer an insurer?

    ☐ No.

    ☒ Yes, and the filer has identified citizenship in accord with § 1332(c)(1).

d. Is the filer a legal representative?

    ☒ No.

    ☐ Yes, and the filer has identified citizenship in accord with 28 U.S.C. § 1332(c)(2).

    e.    Has the filer identified any corporation?

        ☐    No.

        ☒    Yes, and for each, the filer has identified citizenship in accord with 28 U.S.C. § 1332(c)(1).

    f.    Has the filer identified any natural person?

        ☐    No.

        ☒    Yes, and for each, the filer has identified citizenship in accord with the person's domicile, which does not necessarily correspond to the person's residence.

3. Is there any other person or entity that has or might have an interest in the outcome of the action, including any interested or potentially interested lawyer, association, firm, partnership, corporation, limited liability company, subsidiary, conglomerate, affiliate, member, and other identifiable and related legal entity?

    ☐    No.

    ☒    Yes. These additional persons and entities have or might have an interest in the outcome of the action:

        a.    Berkshire Hathaway, Inc. – indirect parent of Plaintiffs

        b.    GEICO Corporation – Parent of Plaintiffs

        c.    Rivkin Radler, LLP – counsel for Plaintiffs

        d.    Max Gershenoff - counsel for Plaintiffs

        e.    Steven Henesy- counsel for Plaintiffs

        f.    John P. Marino - counsel for Plaintiffs

        g.    Kristen L. Wenger – counsel for Plaintiffs

        h.    Linsday R. Trowell – counsel for Plaintiffs

4. Might the outcome of this action affect any entity, not yet identified, with publicly traded shares or debt?

    ☒ No.

    ☐ Yes, and this is the entity: [].

5. Is this a bankruptcy action?

    ☒ No.

    ☐ Yes, and the debtor is [].

    ☐ Yes, and the members of the creditors' committee are [].

6. Is this a criminal case?

    ☒ No.

    ☐ Yes, and these persons are arguably eligible for restitution: [].

7. Is there an additional entity likely to actively participate in this action?

    ☒ No.

    ☐ Yes, and this is the entity: [].

8. Does the filer certify that, except as disclosed, the filer is unaware of an actual or potential conflict of interest affecting the district judge or the magistrate judge in this action, and the filer will immediately notify the judge in writing within fourteen days after the filer knows of a conflict?

    ☒ Yes.

Dated:     April 15, 2025

*/s/ Max Gershenoff*
Max Gershenoff (FBN 1038855)
John P. Marino (FBN 814539)

5

        Lindsey R. Trowell (FBN 678783)
        Steven T. Henesy (FBN 1038474)
        Kristen Wenger (FBN 92136)
        RIVKIN RADLER, LLP
        Riverplace Tower
        1301 Riverplace Blvd.
        Suite 1000
        Jacksonville, FL 32207
        Phone: (904) 791-8948
        Facsimile: (904) 598-6225
        Max.Gershenoff@rivkin.com
        John.Marino@rivkin.com
        Lindsey.Trowell@rivkin.com
        Steven.Henesy@rivkin.com
        Kristen.Wenger@rivkin.com
        *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on April 15, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will provide notice and the foregoing document to the counsel of record in this case.

        */s/ Max Gershenoff*
        Attorney